IN RE PEDRO E. ANGLADE, Notary Public.

Argued October 8, 1952.—Decided October 17, 1952.

---

*Pedro E. Anglade, pro se.   J. Rivera Barreras, Fiscal of the Supreme Court.*

PER CURIAM: Notary Pedro E. Anglade moved his notarial office from Arecibo to San Juan in 1947, and thereafter from San Juan to Río Piedras. According to the report submitted by the *Fiscal* of this Court and two certificates issued, one by the Secretary of the former District Court of Puerto Rico, San Juan Section, on July 22, 1952, and another by the Secretary of the Superior Court, Arecibo part, on August 19 of that same year, said Notary failed, since 1947, to forward his notarial indices to the office of the secretary of said courts. On September 10, 1952, Notary Anglade signed an affidavit setting forth "That the notarial indices of this notarial office, from the date on which the subscriber moved his office from Arecibo to San Juan until the present time, have been personally delivered now by the affiant to the Secretary of the Superior Court, San Juan part."

In view of these facts we entered an order giving him a 15-day period to show cause why this Court should not discipline him pursuant to § 38 of the Notarial Act of Puerto Rico, as amended by Act No. 389 of May 9, 1951. In a writing entitled "Motion to Appear," this Notary requests us to regard him as having appeared, to excuse his negligence and to exonerate him from any discipline, for the following reasons:

"2.—That the notarial indices referred to in the aforesaid order were submitted to the Secretary of the Superior Court, San Juan part.

"3.—That said indices had been prepared in time, to the extent that they are attached to the bound protocols of this notarial office.

"4.—That there was neither the intention nor the purpose of violating the Act nor of performing any act against morals or the rights of any person."

■■ Those reasons do not justify in any manner whatsoever such a violation of § 26 of the Notarial Act. Neither the express mandate nor the ends and purposes of that Section are complied with by preparing in time the notarial indices and attaching them to the notary's protocol. Said § 26 imposes on every notary the duty of forwarding his notarial indices on Monday of every week to the secretary of the section of the District Court of Puerto Rico (today Superior Court) where his notarial office is located.

Notaries are obliged to comply strictly with this as well as with the other provisions of the Notarial Act. In this case we must not simply severely censure, as we actually do, Notary Pedro E. Anglade's conduct, for although at present there is no indication that such conduct has prejudiced the rights of any person, or that it was prompted by immoral or fraudulent purposes, it involves an unexplainable and serious disregard of the sacred duties imposed on him by law, especially in the case of a notary who for over 25 years has been exercising such a difficult and delicate office, but we must also discipline him.

In view of the foregoing we impose on said notary a fine of one hundred dollars ($100) which he shall pay in the office of the Secretary of this Court within fifteen days.

Mr. Chief Justice Todd, Jr., did not participate herein.

MR. JUSTICE NEGRÓN FERNÁNDEZ, with whom Mr. Justice Sifre concurs, concurring and dissenting in part.

I agree with the opinion of the Court insofar as it holds that Notary Pedro E. Anglade's failure during several years to forward his notarial indices to the District Court (today Superior Court), as required by § 26 of the Notarial Act, constitutes an "unexplainable and serious disregard" of the duties imposed on him by the said Act. I also agree with the words of reprobation expressed in said opinion on his neglect.

I think, however, that the clean record of an attorney and notary throughout his unblemished professional conduct —in this case for over a quarter of a century—should weigh on the minds of this Court in deciding a matter of this sort in which, although a duty imposed by law was left unfulfilled, there are no implications of fraud or of malice, nor has anyone been prejudiced.

Therefore, I do not think—although we have the authority therefor—that a disciplinary fine should be imposed on Notary Pedro E. Anglade. I do not consider it necessary to achieve, in this case, the remedial purpose of the statute. I am convinced that the moral sanction arising from the censure contained in the opinion of the Court is sufficient punishment and admonition for him.